UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TAYLOR HOKE, an individual,
LAUREN OTTAVIANO BUDANO,
an individual, and STRATTENE
JULIO, an individual,

    Plaintiffs,
vs.

LEGACY HEALING CENTER
MARGATE LLC, a Florida limited
liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, TAYLOR HOKE, an individual (hereinafter referred to as "Hoke"), LAUREN OTTAVIANO BUDANO, an individual (hereinafter referred to as "Ottaviano"), and STRATTENE JULIO, an individual (hereinafter referred to as "Julio") (hereinafter sometimes collectively referred to as "Plaintiffs'), by and through their undersigned counsel, hereby sue the Defendant, LEGACY HEALING CENTER MARGATE LLC, a Florida limited liability company(hereinafter referred to as "LEGACY"), and for their causes of action, declare and aver as follows:

### PRELIMINARY STATEMENT

1.     This action seeks declaratory, injunctive and equitable relief, equitable damages, compensatory and punitive damages, costs and reasonable attorney's fees for gender (pregnancy) discrimination suffered by Plaintiffs in the form of termination of employment, in violation of

1

Title VII of the Civil Rights Act of 1964 and 1991.

## JURISDICTION

2.     This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter referred to as "Title VII").

3.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), as well as 42 U.S.C. §2000e-5(f).

4.     All administrative requirements have been exhausted. The Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") has issued each Plaintiff a notice of right to sue[1], based upon a charge of discrimination timely and dual-filed with the EEOC and the Florida Commission on Human Relations (hereinafter referred to as "FCHR").

5.     Plaintiffs reserve the right to move the Court for leave to amend this Complaint to add claims arising under the Florida Civil Rights Act of 1992 ("FCRA"), in the event the FCHR determines there is reasonable cause to believe that a discriminatory practice has occurred in violation of the FCRA or in the event the FCHR fails to conciliate or determine whether there is reasonable cause on Plaintiffs' charge of discrimination within 180 days of the filing of the Plaintiffs' charges of discrimination, pursuant to § 760.11(4) and/or (8), Fla. Stat.

## VENUE

6.     Venue is proper in the Southern District of Florida because the unlawful employment action giving rise to this lawsuit occurred in Broward County, Florida.

---

[1] Issued on July 16, 2021 for Taylor Hoke, and on August 13, 2021 for both Strattene Julo and Lauren

## PARTIES

7. Hoke is a citizen and resident of Palm Beach County, Florida, within the jurisdiction of this Court, and otherwise *sui juris* in all respects.

8. Ottaviano is a citizen and resident of Broward County, Florida, within the jurisdiction of this Court, and otherwise *sui juris* in all respects.

9. Julio is a citizen and resident of Broward County, Florida, within the jurisdiction of this Court, and otherwise *sui juris* in all respects.

10. Defendant, Legacy, is a Florida corporation authorized to do and doing business in the state of Florida, and within the jurisdiction of this Court.

11. At times material hereto, Hoke was an employee within the meaning of Title VII.

12. At times material hereto, Ottaviano was an employee within the meaning of Title VII.

13. At times material hereto, Julio was an employee within the meaning of Title VII.

14. At times material hereto, Legacy was a covered employer within the meaning of Title VII.

## FACTS

15. Legacy is a drug and alcohol rehabilitation center located in Margate, Florida.

16. At times material hereto, Hoke was a member of a protected class (pregnant female).

17. Legacy hired Hoke on August 1, 2020, employing her as a Behavioral Health Technician.

18. At all times material hereto, Hoke was qualified to perform her position and did so in a competent and satisfactory manner. In fact, during the week prior to my termination, on or about April 28, 2021, one of Hoke's supervisors, Karlee Whitford, praised Hoke about the initiative Hoke was taking within the company.

---

Ottaviano Budano.

19. On or about May 1, 2021, Hoke informed Whitford she was pregnant. Hoke also informed Whitford at that time her pregnancy was considered "high-risk" and she would be setting a doctor's appointment shortly thereafter. In fact, Hoke went to a doctor on May 4, 2021, for, among other procedures, a blood draw.

20. Shortly after Hoke's May 4 appointment, she sent a text message to Whitford advising her the doctor was unable to draw blood due to a vein issue. Within the next hour after Hoke sent her text message to Whitford, Legacy's Director of Human Resources, Amina Laurenceau, called Hoke to inform her of Legacy's termination of her employment, for no stated reason other than "the company had decided to go in a different direction."

21. One week after Legacy terminated her, Hoke suffered a miscarriage.

22. At times material hereto, Ottaviano was a member of a protected class (pregnant female).

23. Legacy hired Ottaviano in November, 2019. Ottaviano was initially employed as a Behavioral Health Technician, but in October, 2020, Ottaviano was promoted to Lead Behavioral Health Technician.

24. At all times material hereto, Ottaviano was qualified to perform her position and did so in a competent and satisfactory manner. In fact, Ottaviano was utilized as a Female Behavioral Health Technician Supervisor for over three months in early 2021 while the actual Female Behavioral Health Technician Supervisor was out of state opening a new location. In early June, 2021, Ottaviano had a conversation with her supervisor, Whitford, and another conversation with another member of leadership (Director of Strategic Planning), Jim Devine, wherein the parties discussed Ottaviano filling an actual supervisor role when the company expanded in September 2021.

25. In April, 2021, at approximately 4-6 weeks pregnant, Ottaviano advised Jim Devine, Amina Laurenceau (Director of Human Resources) and Timothy Rokosz (Director of Housing) of her pregnancy. Ottaviano suffered a miscarriage shortly thereafter. Shortly thereafter, Ottaviano became pregnant again.

26. At all times material hereto, and certainly as of June 2021, Legacy leadership was aware of Ottaviano's pregnancy. With no notice or even an indication leadership was unhappy with her performance, on June 29, 2021, Ottaviano was called by Amina Laurenceau, who advised Ottaviano she was terminated as "the company had decided to go in a different direction."

27. At times material hereto, Julio was a member of a protected class (pregnant female).

28. Legacy hired Julio on April 22, 2021. Julio was hired as an Intensive Outpatient Therapist (IOP).

29. At all times material hereto, Julio was qualified to perform her position and did so in a competent and satisfactory manner. While employed, Julio was advised by other technicians and co-workers, as well as her assistant supervisor, Nicole (last name unknown) and her main supervisor, David Levine, that she was doing a great job. Julio received no negative comments or negative feedback at all.

30. At the time of her hire, Julio was approximately four (4) months pregnant. During the week of May 24, 2021, Amina Laurenceau (Director of Human Resources) met with Julio to discuss when she would be eligible for Legacy's health insurance plan, as well as Julio's due date. In fact, when Laurenceau specifically asked Julio if there was anything she needed, Julio advised she needed health insurance. Laurenceau advised Julio she would put her on Legacy's health insurance policy before the sixty (60) day waiting period expired. Julio was insured as of June 1, 2021.

31.     Upon arriving at work on June 18, 2021, Julio was called into Amina Laurenceau's office, where she advised Julio she was terminated because "the company had decided to go in a different direction." Julio asked if there was any other reason for her termination and was advised there was not.

32.     At all times material hereto, Marc Effron had power and control over Plaintiffs including, but not limited to, the power to terminate Plaintiffs or, in the alternative, to influence or effect final corporate decisions regarding the termination of Plaintiffs.

33.     Since Effron, as the Chief Operating Officer of Legacy, was vested with supervisory authority and control over Plaintiffs, including but not limited to the power to terminate Plaintiffs, or, in the alternative, to effectively cause or bring about the termination of Plaintiffs, Legacy is responsible for the acts and conduct of Effron.

34.     Since the time of their termination, and despite duly diligent efforts to do so, Plaintiffs have been unable to find substantially equivalent employment.

## COUNT I

## GENDER (PREGNANCY) DISCRIMINATION (TITLE VII)

35.     Plaintiffs incorporate as if fully realleged herein paragraphs 1 through 34.

36.     As pregnant females, at all times material hereto, Plaintiffs were members of a protected class.

37.     Through its above-described acts and conduct toward Plaintiffs, Legacy has violated Plaintiffs' rights under Title VII.

38.     Legacy engaged in discriminatory acts and conduct against Plaintiffs with malice and/or reckless indifference to Plaintiffs' rights under Title VII.

39. Plaintiffs have suffered direct pecuniary losses as a result of Legacy's above-described violations of Title VII.

40. Plaintiffs have suffered, are now suffering, and will continue to suffer emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Legacy's discriminatory acts and conduct.

41. Plaintiffs will suffer future pecuniary losses as a direct result of Legacy's discriminatory acts and conduct.

42. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged and are now suffering and will continue to suffer irreparable injury from their treatment by Legacy unless Legacy is enjoined by this Court.

**WHEREFORE**, Plaintiffs, Taylor Hoke, Lauren Ottaviano Budano, and Strattene Julio, pray this Honorable Court:

A. Declare Legacy's conduct to be in violation of Plaintiffs' civil rights under Title VII;

B. Enjoin Legacy from further engaging in such conduct;

C. Award Plaintiffs equitable damages in the form of back pay;

D. Award Plaintiffs the equitable remedy of reinstatement, or, in the alternative, award Plaintiffs front pay in lieu of reinstatement;

E. Award Plaintiffs compensatory and punitive damages;

F. Award Plaintiffs costs and reasonable attorney's fees; and

G. Grant such other and further relief as may be deemed just and proper in the premises.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

| | | |
|---|---|---|
| Dated: | August 19, 2021<br>Boca Raton, FL | Respectfully submitted,<br><br>PADULA BENNARDO LEVINE, LLP<br>Attorneys for Plaintiffs<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL   33431<br>Telephone:     (561) 544-8900<br>Facsimile:      (561) 544-8999<br><br>**Daniel R. Levine**<br>DANIEL R. LEVINE, ESQ.<br>Florida Bar No. 0057861<br>Primary E-Mail:       drl@pbl-law.com<br>Secondary E-Mail:   ak@pbl-law.com |